IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GILEAD SCIENCES, INC.,         )
         )
        Plaintiff,        )
         )
    v.        )    C.A. No. _____
         )
APOTEX INC. and APOTEX CORP.,         )
         )
        Defendants.        )

**PLAINTIFF GILEAD SCIENCES, INC.'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gilead Sciences, Inc. ("Gilead"), by the undersigned attorneys, hereby alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"). This action arises out of Apotex's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA").

2.    Apotex seeks approval to market a generic copy of Janssen Products, L.P.'s ("Janssen") highly successful product, SYMTUZA®, containing a four-drug combination of darunavir, cobicistat, emtricitabine, and tenofovir alafenamide ("TAF"), prior to the expiration of U.S. Patent No. 8,754,065 (the "'065 patent") and U.S. Patent No. 9,296,769 (the "'769 patent) (collectively, the "TAF Patents-In-Suit"). Gilead is the owner of the TAF Patents-In-Suit. Gilead attaches hereto a true and accurate copy of each of the TAF Patents-In-Suit as Exhibits A and B.

## PARTIES

### *Plaintiff*

3.      Plaintiff Gilead is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

4.      Gilead is a research-based pharmaceutical company that invents, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus ("HIV"), hepatitis B virus ("HBV"), hepatitis C virus ("HCV"), hepatitis delta virus ("HDV"), liver diseases, serious cardiovascular and respiratory diseases, and cancer. Gilead's portfolio of products includes treatments for HIV using the drug TAF.

### *Defendants Apotex Inc. & Apotex Corp.*

5.      On information and belief, Apotex Inc. is a foreign corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

6.      On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 N. Commerce Parkway Suite 400, Weston, FL 33326.

7.      On information and belief, Apotex, alone and through subsidiaries, affiliates, agents, and partners, manufactures, distributes, and/or imports generic copies of branded pharmaceutical products for sale and use throughout the United States, including in this District.

8.      On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, prepared and filed ANDA No. 217728 (the "Apotex SYMTUZA ANDA"), seeking

approval to manufacture, import, market, and/or sell a generic copy of Janssen's SYMTUZA® product (the "Apotex SYMTUZA ANDA Product") in the United States, including in this District, if the FDA approves the Apotex SYMTUZA ANDA. On information and belief, Apotex is the holder of the Apotex SYMTUZA ANDA.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et seq., including §§ 271(e)(2), 271(a), 271(b), 271(c), and 271(g). This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10.      The Court also has jurisdiction to adjudicate this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and justiciable controversy exists between Gilead and Apotex of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the TAF Patents-In-Suit.

### *Apotex Inc.*

11.      On information and belief, this Court has personal jurisdiction over Apotex Inc. by virtue of, *inter alia*, its systematic and continuous contacts with this jurisdiction, as alleged herein. On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. regularly and continuously transacts business within Delaware, including by manufacturing, selling, offering for sale, marketing, distributing, and/or importing generic versions of pharmaceutical products in the United States, including in Delaware. On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. has received more than 90 FDA approvals to market and sell pharmaceutical products throughout the United States, including in Delaware. On information and belief, Apotex Inc. derives substantial revenue from

the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

12.     On information and belief, Apotex Inc. markets and distributes its pharmaceutical products through subsidiaries, agents, and/or affiliates including Apotex Corp., a Delaware corporation that is registered to do business and has appointed an agent to accept service in Delaware. On information and belief, Apotex Inc., through Apotex Corp., is licensed to sell generic pharmaceutical products in the State of Delaware pursuant to 24 Del. C. § 2540.

13.     On information and belief, Apotex Inc. and Apotex Corp. operate and act in concert as an integrated, unitary business. On information and belief, Apotex Inc. and Apotex Corp. work in concert with respect to the manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in Delaware.

14.     This Court also has personal jurisdiction because Apotex Inc., together with Apotex Corp., has filed an ANDA for a generic copy of Janssen's SYMTUZA® product, seeking approval from the FDA to market and sell the Apotex SYMTUZA ANDA Product, throughout the United States, including in Delaware. On information and belief, Apotex Inc. intends to commercially manufacture, use, and sell the Apotex SYMTUZA ANDA Product upon receiving FDA approval. On information and belief, if and when the FDA approves the Apotex SYMTUZA ANDA, the Apotex SYMTUZA ANDA Product would, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware. By filing the Apotex SYMTUZA ANDA, Apotex Inc. has made clear that it intends to use its distribution channels to direct sales of the Apotex SYMTUZA ANDA Product into Delaware.

15.     Further, this Court has personal jurisdiction over Apotex Inc. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Inc. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District, including counterclaims with respect to the TAF Patents-In-Suit. *See, e.g., Gilead Sciences, Inc. v. Apotex Inc. et al*., Civil Action No. 20-189, D.I. 28 (D. Del. Apr. 13, 2020); *Horizon Medicines LLC et al. v. Apotex Inc. et al.*, Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, Civil Action No. 22-724, D.I. 13 (D. Del. June 23, 2022); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); *Intercept Pharma., Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); *UCB, Inc. et al. v. Annora Pharma Pvt. Ltd. et al.*, Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); *Sanofi-Aventis U.S., LLC et al. v. Actavis LLC et al.*, Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

16.     Alternatively, this Court may exercise personal jurisdiction over Apotex Inc. pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Gilead's claims arise under federal law; (b) Apotex Inc. is a foreign company not subject to personal jurisdiction in the courts of any state; and (c) Apotex Inc. has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.

17.     Venue is proper in this Court for Apotex Inc. under 28 U.S.C. § 1391(c)(3) because Apotex Inc. is a foreign corporation and may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction, including in this District.

### Apotex Corp.

18.     On information and belief, this Court has personal jurisdiction over Apotex Corp., because *inter alia*, it is incorporated in Delaware.

19.     On information and belief, Apotex Corp. has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being subject to the jurisdiction of the court in the District of Delaware.

20.     On information and belief, Apotex Corp., directly and/or through its parent company Apotex Inc., markets, distributes, and sells generic pharmaceutical products throughout the United States, including in this District.

21.     On information and belief, Apotex Corp. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this District, directly and/or through its parent company Apotex Inc.

22.     On information and belief, this Court also has personal jurisdiction because Apotex Corp., together with Apotex Inc., has filed an ANDA for a generic copy of Janssen's SYMTUZA® product, seeking approval from the FDA to market and sell the Apotex SYMTUZA ANDA Product, throughout the United States, including in Delaware. On information and belief, Apotex Corp. intends to commercially manufacture, use, and sell the Apotex SYMTUZA ANDA Product upon receiving FDA approval. On information and belief, if and when the FDA approves the Apotex SYMTUZA ANDA, the Apotex SYMTUZA ANDA Product would, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on

Delaware. By filing the Apotex SYMTUZA ANDA, Apotex Corp. has made clear that it intends to use its distribution channels to direct sales of the Apotex SYMTUZA ANDA Product into Delaware.

23.     Further, this Court has personal jurisdiction over Apotex Corp. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Corp. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District. *See, e.g., Horizon Medicines LLC et al. v. Apotex Inc. et al.*, Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, Civil Action No. 22-724, D.I. 13 (D. Del. June 23, 2022); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); *Intercept Pharma., Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); *UCB, Inc. et al. v. Annora Pharma Pvt. Ltd. et al.*, Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); *Sanofi-Aventis U.S., LLC et al. v. Actavis LLC et al.*, Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

24.     Venue is proper in this Court for Apotex Corp. under 28 U.S.C. § 1400(b) because, *inter alia*, Apotex Corp. is incorporated in Delaware.

## TAF PATENTS-IN-SUIT

25.     On June 17, 2014, the U.S. Patent and Trademark Office duly and legally issued the '065 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the

'065 patent is attached hereto as Exhibit A. The claims of the '065 patent are valid, enforceable, and not expired. Gilead is the assignee of the '065 patent and has the right to enforce it.

26.     On March 29, 2016, the U.S. Patent and Trademark Office duly and legally issued the '769 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the '769 patent is attached hereto as Exhibit B. The claims of the '769 patent are valid, enforceable, and not expired. Gilead is the assignee of the '769 patent and has the right to enforce it.

## **ACTS GIVING RISE TO THIS ACTION**

### *SYMTUZA*

27.     Janssen holds approved New Drug Application ("NDA") No. 210455 for tablets containing a four-drug combination of darunavir (DRV), a human immunodeficiency virus (HIV-1) protease inhibitor; cobicistat (COBI), a CYP3A inhibitor; and emtricitabine (FTC) and TAF, both HIV-1 nucleoside analog reverse transcriptase inhibitors. The tablets are indicated as a complete regimen for the treatment of HIV-1 infection.

28.     Janssen markets the tablets approved under NDA No. 210455 in the United States under the registered trademark SYMTUZA. FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") identifies the TAF Patents-In-Suit, among other patents, for SYMTUZA.

29.     At least one claim of the '065 and '769 patents covers SYMTUZA, or approved methods of using SYMTUZA.

30.     Apotex, alone and with subsidiaries, affiliates, agents and partners, submitted to the FDA the Apotex SYMTUZA ANDA listing SYMTUZA as the reference listed drug ("RLD").

*Apotex's Acts Regarding SYMTUZA*

31.     On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, submitted to the FDA the Apotex SYMTUZA ANDA under Section 505(j) of the FDCA, seeking the FDA's approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the Apotex SYMTUZA ANDA Product before the expiration of both TAF Patents-In-Suit.

32.     On information and belief, the FDA assigned the Apotex SYMTUZA ANDA number 217728.

33.     On information and belief, Apotex sent a letter dated September 12, 2022 to Gilead ("Apotex's SYMTUZA Notice Letter"), purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B). Apotex's SYMTUZA Notice Letter states that the Apotex SYMTUZA ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the TAF Patents-In-Suit.

34.     Gilead received Apotex's SYMTUZA Notice Letter on or about September 13, 2022.

35.     This action is being commenced before the expiration of 45 days from the date Gilead received Apotex's SYMTUZA Notice Letter, which triggers a stay of FDA approval of the Apotex SYMTUZA ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

36.     By submitting the Apotex SYMTUZA ANDA, Apotex has represented to the FDA that the Apotex SYMTUZA ANDA product has the same active ingredients as SYMTUZA; has the same dosage forms and strengths as SYMTUZA; and is bioequivalent to SYMTUZA.

37.     On information and belief, Apotex's proposed label for the Apotex SYMTUZA ANDA Product (the "Proposed Label") will refer to the product as, *inter alia*, a four-drug

combination of darunavir, cobicistat, emtricitabine, and TAF, indicated as a complete regimen for the treatment of HIV-1 infection.

38.     On information and belief, the Proposed Label will instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product for the treatment of HIV-1 infection.

39.     On information and belief, the Proposed Label will contain data relating to the treatment of patients with HIV-1 infection, obtained from clinical studies involving SYMTUZA.

*Gilead's Attempts to Gain Access to Apotex's ANDA*

40.     Apotex's SYMTUZA Notice Letter included an Offer for Confidential Access ("OCA") to the Apotex SYMTUZA ANDA on terms and conditions set forth therein. The OCA requested that Gilead accept the terms of the OCA before receiving access to the Apotex SYMTUZA ANDA. Under 35 U.S.C. 355(j)(5)(C)(i)(III), an OCA "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Apotex's OCA contained unreasonable restrictions, above and beyond those that would apply under a protective order.

41.     For example, the terms of Apotex's OCA would have precluded Gilead from bringing suit on patents that protect Janssen's SYMTUZA® product.  Although Gilead explained orally and in writing that they could not agree to such an unreasonable restriction in the OCA and that an OCA cannot be used to preclude a lawsuit on patents that protect Janssen's SYMTUZA® product, Apotex refused to modify the terms of its OCA.

42.     Since receiving Apotex's SYMTUZA Notice Letter, Gilead and Apotex has negotiated in good faith to reach a mutually-acceptable agreement under which Apotex would

provide the Apotex SYMTUZA ANDA to Gilead. To date, despite repeated follow-up on September 20, September 26, September 30, October 5, October 10 and October 14, Apotex has refused to offer Gilead access to the Apotex SYMTUZA ANDA under terms consistent with a protective order entered for the purpose of protecting trade secrets and other confidential business information. As a result, Gilead has been unable to access the Apotex SYMTUZA ANDA or any portion of the ANDA, including the Proposed Label, or the supporting Drug Master Files (DMFs) referred to and incorporated by reference into the Apotex SYMTUZA ANDA.

43. Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV notice letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for up to 30 months during the pendency of litigation, as appropriate, pursuant to 21 U.S.C. § 355(c)(3)(C).

44. Apotex was informed that "if Apotex believes it does not infringe the Gilead/Janssen patents, it is in its interest to provide the requested materials." But Apotex has refused to provide access to the materials on reasonable terms.

45. Gilead is not aware of any other means of obtaining information regarding Apotex's ANDA Product within the 45-day statutory period. In the absence of such information, Gilead resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief, and to present to the Court evidence, that Apotex have and will infringe certain claims of the TAF Patents-In-Suit.

## <u>COUNTS I-IV FOR PATENT INFRINGEMENT</u>

### Count I: Infringement of the '065 Patent under 35 U.S.C. § 271(e)(2)

46. Gilead realleges the foregoing paragraphs as if fully set forth herein.

47. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the '065 patent by submitting the Apotex SYMTUZA ANDA to the FDA to obtain approval to

engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product in the United States prior to the expiration of the '065 patent.

48.     Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product prior to the expiration of the '065 patent, and their inducement of and/or contribution to such conduct, would constitute infringement claims of the '065 patent, including but not limited to claim 1.

49.     On information and belief, for example, the Apotex SYMTUZA ANDA Product contains TAF hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

50.     On information and belief, Apotex also seeks approval to market its Apotex SYMTUZA ANDA Product for a use claimed in at least claim 17 of the '065 patent.

51.     The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

52.     Unless and until Apotex is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

### Count II: Declaratory Judgment of Infringement of the '065 Patent under 35 U.S.C. §§ 271(a)-(c) and/or (g)

53.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

54.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

56. Apotex has submitted to the FDA the Apotex SYMTUZA ANDA for a generic version of Janssen's SYMTUZA pharmaceutical product. According to Apotex's SYMTUZA Notice Letter, Apotex intends to manufacture, use, offer for sale, sell, and/or import the Apotex SYMTUZA ANDA Product within the United States.

57. Although the FDA has not approved the Apotex SYMTUZA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import the Apotex SYMTUZA ANDA Product.

58. Apotex's actions indicate that they do not intend to change their course of conduct.

59. On information and belief, upon FDA approval of the Apotex SYMTUZA ANDA, Apotex will infringe the '065 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the Apotex SYMTUZA ANDA Product in the United States and/or importing said product into the United States and/or by actively inducing and contributing to infringement of the '065 patent by others, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

60. On information and belief, for example, the Apotex SYMTUZA ANDA Product contains TAF hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

61. Apotex has actual knowledge of the '065 patent. On information and belief, Apotex became aware of the '065 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Janssen's SYMTUZA product.

62. On information and belief, Apotex's efforts to make, use, sell, offer for sell, and/or import the Apotex SYMTUZA ANDA Product have been made and will be made with full

knowledge of the '065 patent and without a reasonable basis for believing that they would not be liable for actively inducing or contributing to the infringement of the '065 patent.

63.     On information and belief, the Apotex SYMTUZA ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by or on behalf of Apotex in the United States.

64.     On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '065 patent.

65.     On information and belief, physicians and healthcare providers will administer the Apotex SYMTUZA ANDA Product in the United States according to the directions and instructions in the Proposed Label, and such administration will constitute direct infringement of at least one claim of the '065 patent.

66.     On information and belief, at least through the Proposed Label, Apotex will encourage physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '065 patent, and Apotex will know that such conduct will occur.

67.     On information and belief, Apotex will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '065 patent.

68.     Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the '065 patent under 35 U.S.C. § 271(b).

69.     On information and belief, Apotex knows that the Apotex SYMTUZA ANDA Product will be especially made or adapted for use in infringing the '065 patent and that the Apotex SYMTUZA ANDA Product is not suitable for substantial non-infringing use.

70.     The commercial manufacture, use, sale, offer for sale, and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '065 patent.

71.     On information and belief, Apotex knows that its offer for sale, sale and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '065 patent.

72.     Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the '065 patent under 35 U.S.C. § 271(c).

73.     On information and belief, if the Apotex SYMTUZA ANDA is approved by the FDA, Apotex will make the Apotex SYMTUZA ANDA Product using a process covered by one or more claims of the '065 patent and import that product into the United States and/or offer to sell, sell, or use that product in the United States.

74.     On information and belief, the Apotex SYMTUZA ANDA Product will not be materially changed by a subsequent process nor will the Apotex SYMTUZA ANDA Product become a trivial and nonessential component of another product.

75.     Through at least the foregoing actions, Apotex will infringe at least one claim of the '065 patent under 35 U.S.C. § 271(g).

76.     Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product by Apotex prior to the expiration of the '065 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '065 patent.

77.     The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

78.     Unless and until Apotex is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count III: Infringement of the '769 Patent under 35 U.S.C. § 271(e)(2)**

79.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

80.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the '769 patent by submitting the Apotex SYMTUZA ANDA to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product in the United States prior to the expiration of the '769 patent.

81.     Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product prior to the expiration of the '769 patent, and their inducement of and/or contribution to such conduct, would constitute infringement of claims of the '769 patent, including but not limited to claim 1.

82.     On information and belief, for example, the Apotex SYMTUZA ANDA Product contains a composition comprising TAF hemifumarate, wherein the composition comprises less than about 5% by weight of TAF monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

83.     On information and belief, Apotex also seeks approval to market its Apotex SYMTUZA ANDA Product for a use claimed in at least claim 10 of the '769 patent.

84.     The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

85.     Unless and until Apotex is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count IV: Declaratory Judgment of Infringement of the '769 Patent under 35 U.S.C. §§ 271(a)-(c) and/or (g)**

86.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

87.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

88.     There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

89.     Apotex has submitted to the FDA the Apotex SYMTUZA ANDA for a generic version of Janssen's SYMTUZA pharmaceutical product. According to Apotex's SYMTUZA Notice Letter, Apotex intends to manufacture, use, offer for sale, sell, and/or import the Apotex SYMTUZA ANDA Product within the United States.

90.     Although the FDA has not approved the Apotex SYMTUZA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import the Apotex SYMTUZA ANDA Product.

91.     Apotex's actions indicate that it does not intend to change its course of conduct.

92.     On information and belief, upon FDA approval of the Apotex SYMTUZA ANDA, Apotex will infringe one or more claims of the '769 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the Apotex SYMTUZA ANDA Product in the United States and/or importing said product into the United States and/or by actively inducing and contributing to infringement of the '769 patent by others, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

93.     On information and belief, for example, the Apotex SYMTUZA ANDA Product contains a composition comprising TAF hemifumarate, wherein the composition comprises less than about 5% by weight of TAF monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

94.     Apotex has actual knowledge of the '769 patent. On information and belief, Apotex became aware of the '769 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Janssen's SYMTUZA product.

95.     On information and belief, Apotex's efforts to make, use, sell, offer for sell, and/or import the Apotex SYMTUZA ANDA Product have been made and will be made with full knowledge of the '769 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '769 patent.

96.     On information and belief, the Apotex SYMTUZA ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by or on behalf of Apotex in the United States.

97.     On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '769 patent.

98.     On information and belief, physicians and healthcare providers will administer the Apotex SYMTUZA ANDA Product in the United States according to the directions and instructions in the Proposed Label, and such administration will constitute direct infringement of at least one claim of the '769 patent.

99.     On information and belief, at least through the Proposed Label, Apotex will encourage physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '769 patent, and Apotex will know that such conduct will occur.

100.    On information and belief, Apotex will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '769 patent.

101.    Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the '769 patent under 35 U.S.C. § 271(b).

102.    On information and belief, Apotex knows that the Apotex SYMTUZA ANDA Product will be especially made or adapted for use in infringing the '769 patent and that the Apotex SYMTUZA ANDA Product is not suitable for substantial non-infringing use.

103.    The commercial manufacture, use, sale, offer for sale, and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '769 patent.

104.    On information and belief, Apotex knows that its offer for sale, sale and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '769 patent.

105.    Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the '769 patent under 35 U.S.C. § 271(c).

106.    On information and belief, if the Apotex SYMTUZA ANDA is approved by the FDA, Apotex will make the Apotex SYMTUZA ANDA Product using a process covered by one or more claims of the '769 patent and import that product into the United States and/or offer to sell, sell, or use that product in the United States.

107.    On information and belief, the Apotex SYMTUZA ANDA Product will not be materially changed by a subsequent process nor will the Apotex SYMTUZA ANDA Product become a trivial and nonessential component of another product.

108.    Through at least the foregoing actions, Apotex will infringe at least one claim of the '769 patent under 35 U.S.C. § 271(g).

109.    Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product by Apotex prior to the expiration of the '769 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the '769 patent.

110.    The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

111.    Unless and until Apotex is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Gilead prays that this Court grant the following relief:

A)    A judgment that Apotex has infringed the '065 patent and the '769 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Apotex SYMTUZA ANDA to the FDA under Section 505(j) of the FDCA, and that the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Apotex SYMTUZA ANDA Product will constitute an infringement of the '065 patent and the '769 patent;

B)    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Apotex SYMTUZA ANDA shall be a date which is not earlier than the

latest expiration date of the '065 and '769 patents as extended by any applicable periods of exclusivity to which Gilead is or will be entitled;

C)      An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Apotex, their affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the Apotex SYMTUZA ANDA Product until after the latest expiration date of the '065 and '769 patents, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled;

D)      An order pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Apotex's commercial manufacture, use, offer for sell, sale, and/or importation of the Apotex SYMTUZA ANDA Product in or into the United States prior to the expiration of the '065 and '769 patents (including such actions by its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Apotex or acting on Apotex's behalf) will constitute infringement of the TAF Patents-In-Suit under 35 U.S.C. §§ 271 (a), (b), (c), and/or (g) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

E)      Damages or other monetary relief under 35 U.S.C. §§ 271(a), (b), (c) and (e)(2), and/or 35 U.S.C. § 284, including costs, fees, pre- and post-judgment interest, to Gilead if Apotex engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the Apotex SYMTUZA ANDA Product prior to the latest expiration date of the '065 and '769 patents, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled;

F)      An order that this case is exceptional under 35 U.S.C. § 285, and that Gilead be

awarded reasonable attorneys' fees and costs; and

G)      Such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff*

OF COUNSEL:

Charlotte C. Jacobsen
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Wayne Barsky
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
(310)-552-8500

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO  80202-2642
(303) 298-5700

Darish Huynh
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
(949) 451-3800

*Attorneys for Plaintiff Gilead Sciences, Inc.*

October 25, 2022