**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GILEAD SCIENCES, INC., Plaintiff, v. APOTEX INC. and APOTEX CORP., Defendants. | ) | C.A. No. 1:22-cv-01400-MN |

# APOTEX'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants, Apotex Inc. and Apotex Corp., (collectively, "Apotex"), by their undersigned attorneys, for their Answer to the Complaint for Patent Infringement filed by Plaintiff, Gilead Sciences, Inc., ("Gilead" or "Plaintiff"), state as follows. Pursuant to Fed. R. Civ. P. 8(b)(3), Apotex denies all allegations in Gilead's Complaint except those expressly admitted below.

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"). This action arises out of Apotex's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA").

**ANSWER:** Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer may be required, Apotex admits that it filed Abbreviated New Drug Application ("ANDA") No. 217728 with the FDA for approval to engage in the commercial manufacture, use or sale of generic versions of darunavir, cobicistat, emtricitabine, and tenofovir alafenamide, 150mg; 800mg; 200mg; eq., 10mg base ("the Apotex ANDA Product"), which is a generic version of SYMTUZA® oral tablets, prior to expiration of U.S. Patent Nos. 8,754,065 ("the '065 Patent), 9.296,769 ("the '769 Patent"), and 10,039,718 ("the '718 Patent"), (the '065

Patent and the ’769 Patent, collectively, the “TAF Patents-In-Suit”). Apotex denies any and all remaining allegations contained in this Paragraph.

2. Apotex seeks approval to market a generic copy of Janssen Products, L.P.’s (“Janssen”) highly successful product, SYMTUZA®, containing a four-drug combination of darunavir, cobicistat, emtricitabine, and tenofovir alafenamide (“TAF”), prior to the expiration of U.S. Patent No. 8,754,065 (the “’065 patent”) and U.S. Patent No. 9,296,769 (the “’769 patent) (collectively, the “TAF Patents-In-Suit”). Gilead is the owner of the TAF Patents-In-Suit. Gilead attaches hereto a true and accurate copy of each of the TAF Patents-In-Suit as Exhibits A and B.

**ANSWER:** Paragraph 2 contains legal conclusions to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 217728 with the FDA for approval to engage in the commercial manufacture, use or sale of the Apotex ANDA Product, which is a generic version of SYMTUZA®, prior to expiration of the TAF Patents-In-Suit. Apotex further admits that what purports to be copies of the TAF Patents-In-Suit were attached to the Complaint as Exhibits A and B. Apotex denies the remaining allegations in Paragraph 2.

## PARTIES

### *Plaintiff*

3. Plaintiff Gilead is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

**ANSWER:** Paragraph 3 contains legal conclusions and allegations to which no answer is required. Apotex lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the same.

4. Gilead is a research-based pharmaceutical company that invents, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus (“HIV”), hepatitis B virus (“HBV”), hepatitis C virus (“HCV”), hepatitis delta virus (“HDV”), liver diseases, serious cardiovascular and

respiratory diseases, and cancer. Gilead's portfolio of products includes treatments for HIV using the drug TAF.

**ANSWER:** Paragraph 4 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Gilead Sciences, Inc. is listed as the assignee on the faces of the TAF Patents-In-Suit, and in the electronic records of the United States Patent and Trademark Office ("USPTO"). Apotex is without sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph, and therefore denies the same.

***Defendants Apotex Inc. & Apotex Corp.***

5. On information and belief, Apotex Inc. is a foreign corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

**ANSWER:** Paragraph 5 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Apotex Inc. is a corporation organized and existing under the laws of Canada, having a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9. Apotex denies any and all remaining allegations contained in this Paragraph.

6. On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 N. Commerce Parkway Suite 400, Weston, FL 33326.

**ANSWER:** Paragraph 6 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Apotex Corp. is a Delaware corporation, having a place of business at 2400 N. Commerce Parkway Suite 400, Weston, FL 33326. Apotex denies any and all remaining allegations contained in this Paragraph.

7. On information and belief, Apotex, alone and through subsidiaries, affiliates, agents, and partners, manufactures, distributes, and/or imports generic copies of branded pharmaceutical products for sale and use throughout the United States, including in this District.

**ANSWER:** Paragraph 7 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies the remaining allegations of this Paragraph.

8. On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, prepared and filed ANDA No. 217728 (the "Apotex SYMTUZA ANDA"), seeking approval to manufacture, import, market, and/or sell a generic copy of Janssen's SYMTUZA® product (the "Apotex SYMTUZA ANDA Product") in the United States, including in this District, if the FDA approves the Apotex SYMTUZA ANDA. On information and belief, Apotex is the holder of the Apotex SYMTUZA ANDA.

**ANSWER:** Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it filed ANDA No. 217728 with the FDA for approval to engage in the commercial manufacture, use or sale of Apotex's ANDA Product, which is a generic version of Gilead's SYMTUZA® product. Apotex denies the remaining allegations of this Paragraph.

## <u>JURISDICTION AND VENUE</u>

9. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et seq., including §§ 271(e)(2), 271(a), 271(b), 271(c), and 271(g). This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Plaintiff purport to bring this action under the patent laws of the United States. Apotex further admits that Plaintiff's Complaint is for alleged patent infringement and for declaratory judgment of patent infringement,

but denies that Plaintiff is entitled to any relief. Apotex denies any and all remaining allegations contained in this Paragraph.

10. The Court also has jurisdiction to adjudicate this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and justiciable controversy exists between Gilead and Apotex of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the TAF Patents-In-Suit.

**ANSWER:** Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Plaintiff's Complaint is for alleged patent infringement and for declaratory judgment of patent infringement, but denies that Plaintiff is entitled to any relief. Solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph

***Apotex Inc.***

11. On information and belief, this Court has personal jurisdiction over Apotex Inc. by virtue of, inter alia, its systematic and continuous contacts with this jurisdiction, as alleged herein. On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. regularly and continuously transacts business within Delaware, including by manufacturing, selling, offering for sale, marketing, distributing, and/or importing generic versions of pharmaceutical products in the United States, including in Delaware. On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. has received more than 90 FDA approvals to market and sell pharmaceutical products throughout the United States, including in Delaware. On information and belief, Apotex Inc. derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

**ANSWER:** Paragraph 11 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

12. On information and belief, Apotex Inc. markets and distributes its pharmaceutical products through subsidiaries, agents, and/or affiliates including Apotex Corp., a Delaware corporation that is registered to do business and has appointed an agent to accept service in Delaware. On information and belief, Apotex Inc., through Apotex Corp., is licensed to sell generic pharmaceutical products in the State of Delaware pursuant to 24 Del. C. § 2540.

**ANSWER:** Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

13. On information and belief, Apotex Inc. and Apotex Corp. operate and act in concert as an integrated, unitary business. On information and belief, Apotex Inc. and Apotex Corp. work in concert with respect to the manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in Delaware.

**ANSWER:** Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

14. This Court also has personal jurisdiction because Apotex Inc., together with Apotex Corp., has filed an ANDA for a generic copy of Janssen' s SYMTUZA® product, seeking approval from the FDA to market and sell the Apotex SYMTUZA ANDA Product, throughout the United States, including in Delaware. On information and belief, Apotex Inc. intends to commercially manufacture, use, and sell the Apotex SYMTUZA ANDA Product upon receiving FDA approval. On information and belief, if and when the FDA approves the Apotex SYMTUZA ANDA, the Apotex SYMTUZA ANDA Product would, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware. By filing the Apotex SYMTUZA ANDA, Apotex Inc. has made clear that it intends to use its distribution channels to direct sales of the Apotex SYMTUZA ANDA Product into Delaware.

**ANSWER:** Paragraph 14 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

15. Further, this Court has personal jurisdiction over Apotex Inc. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Inc. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District, including counterclaims with respect to the TAF Patents-In-Suit. *See, e.g.,* Gilead Sciences, Inc. v. Apotex Inc. *et al.,* Civil Action No. 20-189, D.I. 28 (D. Del. Apr. 13, 2020); Horizon Medicines LLC *et al.* v. Apotex Inc. *et al.*, Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); Galderma Laby's L.P. *et al.* v. Apotex Inc. *et al.*, Civil Action No. 22-724, D.I. 13 (D. Del. June 23, 2022); Bayer Healthcare LLC *et al.* v. Apotex Inc. *et al.,* Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); Zogenix, Inc. *et al.* v. Apotex Inc. *et al.,*, Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); Bial-Portela & CA S.A. *et al.* v. Apotex Inc. *et al.*, Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); Intecept Pharma., Inc. *et al.* v. Apotex Inc. *et al.,* Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); UCB, Inc. *et al.* v. Annora Pharma Pvt. Ltd. *et al.*, Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); Sanofi-Aventis U.S., LLC *et al.* v. Actavis LLC *et al.*, Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); Merck Sharp & Dohme Corp. v. Apotex Inc. *et al.,* Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

16. Alternatively, this Court may exercise personal jurisdiction over Apotex Inc. pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Gilead's claims arise under federal law; (b) Apotex Inc. is a foreign company not subject to personal jurisdiction in the courts of any state; and (c) Apotex Inc. has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

17. Venue is proper in this Court for Apotex Inc. under 28 U.S.C. § 1391(c)(3) because Apotex Inc. is a foreign corporation and may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction, including in this District.

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

***Apotex Corp.***

18. On information and belief, this Court has personal jurisdiction over Apotex Corp., because *inter alia*, it is incorporated in Delaware.

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

19. On information and belief, Apotex Corp. has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being subject to the jurisdiction of the court in the District of Delaware.

**ANSWER:** Paragraph 19 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

20. On information and belief, Apotex Corp., directly and/or through its parent company Apotex Inc., markets, distributes, and sells generic pharmaceutical products throughout the United States, including in this District.

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

21. On information and belief, Apotex Corp. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this District, directly and/or through its parent company Apotex Inc.

**ANSWER:** Paragraph 21 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

22. On information and belief, this Court also has personal jurisdiction because Apotex Corp., together with Apotex Inc., has filed an ANDA for a generic copy of Janssen's SYMTUZA® product, seeking approval from the FDA to market and sell the Apotex SYMTUZA ANDA Product, throughout the United States, including in Delaware. On information and belief, Apotex Corp. intends to commercially manufacture, use, and sell the Apotex SYMTUZA ANDA Product upon receiving FDA approval. On information and belief, if and when the FDA approves the

Apotex SYMTUZA ANDA, the Apotex SYMTUZA ANDA Product would, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware. By filing the Apotex SYMTUZA ANDA, Apotex Corp. has made clear that it intends to use its distribution channels to direct sales of the Apotex SYMTUZA ANDA Product into Delaware.

**ANSWER:** Paragraph 22 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

23. Further, this Court has personal jurisdiction over Apotex Corp. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Corp. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District. *See, e.g.,* Horizon Medicines LLC *et al*. v. Apotex Inc. *et al*., Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); Galderma Laby's L.P. *et al*. v. Apotex Inc. *et al.,* Civil Action No. 22¬724, D.I. 13 (D. Del. June 23, 2022); Bayer Healthcare LLC *et al*. v. Apotex Inc. *et al*., Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); Zogenix, Inc. *et al.* v. Apotex Inc. *et al*., Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); Bial-Portela & CA S.A. *et al.* v. Apotex Inc. *et al*., Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); Intercept Pharma., Inc. *et al*. v. Apotex Inc. *et al*., Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); UCB, Inc. *et al*. v. Annora Pharma Pvt. Ltd. *et al*., Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); Sanofi-Aventis U.S., LLC *et al.* v. Actavis LLC *et al*., Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); Merck Sharp & Dohme Corp. v. Apotex Inc. *et al.,* Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

**ANSWER:** Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph.

24. Venue is proper in this Court for Apotex Corp. under 28 U.S.C. § 1400(b) because, inter alia, Apotex Corp. is incorporated in Delaware.

**ANSWER:** Paragraph 24 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest venue in this Judicial District solely for the limited purposes of this action only. Apotex denies any and all remaining allegations contained in this Paragraph

**<u>TAF PATENTS-IN-SUIT</u>**

25. On June 17, 2014, the U.S. Patent and Trademark Office duly and legally issued the '065 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the '065 patent is attached hereto as Exhibit A. The claims of the '065 patent are valid, enforceable, and not expired. Gilead is the assignee of the '065 patent and has the right to enforce it.

**ANSWER:** Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '065 patent was attached to the Complaint as Exhibit A, that the patent is entitled "Tenofovir Alafenamide Hemifumarate," that it bears an issue date of June 17, 2014, and the face of the patent states that the assignee is Gilead Sciences, Inc. Apotex denies that the '065 patent was duly and legally issued and further denies any suggestion that the '065 patent is valid or enforceable. Apotex is without sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph, and therefore denies the same.

26. On March 29, 2016, the U.S. Patent and Trademark Office duly and legally issued the '769 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the '769 patent is attached hereto as Exhibit B. The claims of the '769 patent are valid, enforceable, and not expired. Gilead is the assignee of the '769 patent and has the right to enforce it.

**ANSWER:** Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '769 patent was attached to the Complaint as Exhibit A, that the patent is entitled "Tenofovir Alafenamide Hemifumarate," that it bears an issue date of March 29, 2016, and the face of the patent states that the assignee is Gilead Sciences, Inc. Apotex denies that the '769 patent was duly

and legally issued and further denies any suggestion that the ’769 patent is valid or enforceable. Apotex is without sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph, and therefore denies the same.

## ACTS GIVING RISE TO THIS ACTION

### *SYMTUZA*

27. Janssen holds approved New Drug Application (“NDA”) No. 210455 for tablets containing a four-drug combination of darunavir (DRV), a human immunodeficiency virus (HIV-1) protease inhibitor; cobicistat (COBI), a CYP3A inhibitor; and emtricitabine (FTC) and TAF, both HIV-1 nucleoside analog reverse transcriptase inhibitors. The tablets are indicated as a complete regimen for the treatment of HIV-1 infection.

**ANSWER:** Paragraph 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that, according to the Orange Book, the applicant holder full name for NDA 210455 for SYMTUZA (cobicistat; darunavir; emtricitabine; tenofovir alafenamide fumarate) oral tablets is Janssen Products LP. The dosage strength for NDA 210455 is listed as 150 .g; 800 mg; 200 mg; EQ 10 mg base. According to its prescribing information (revised 10/2020), SYMTUZA® is a four-drug combination of darunavir, a human immunodeficiency virus (HIV-1) protease inhibitor, cobicistat, a CYP3A inhibitor, emtricitabine and tenofovir alafenamide, both HIV-1 nucleoside analog reverse transcriptase inhibitors, and is indicated as a complete regimen for the treatment of HIV-1 infection in adults and pediatric patients weighing at least 40 kg: who have no prior antiretroviral treatment history, or who are virologically suppressed (HIV-1 RNA less than 50 copies per mL) on a stable antiretroviral regimen for at least 6 months and have no known substitutions associated with resistance to darunavir or tenofovir. Apotex is without sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph, and therefore denies the same.

28. Janssen markets the tablets approved under NDA No. 210455 in the United States under the registered trademark SYMTUZA. FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (commonly known as the "Orange Book") identifies the TAF Patents-In-Suit, among other patents, for SYMTUZA.

**ANSWER:** Paragraph 28 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that, according to the Orange Book, the applicant holder full name for NDA 210455 for SYMTUZA® (cobicistat; darunavir; emtricitabine; tenofovir alafenamide fumarate) oral tablets is Gilead. The Orange Book lists the '065 Patent and the '769 Patent in connection with NDA 210455 for SYMTUZA®. Apotex is without sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph, and therefore denies the same.

29. At least one claim of the '065 and '769 patents covers SYMTUZA, or approved methods of using SYMTUZA.

**ANSWER:** Paragraph 29 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that the Asserted Patents are listed in the Orange Book in connection with SYMTUZA®. Apotex denies any and all remaining allegations contained in this Paragraph.

30. Apotex, alone and with subsidiaries, affiliates, agents and partners, submitted to the FDA the Apotex SYMTUZA ANDA listing SYMTUZA as the reference listed drug ("RLD").

**ANSWER:** Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 with the FDA for approval to engage in the commercial manufacture, use or sale of the Apotex ANDA Product prior to expiration of the Asserted Patents. Apotex denies any and all remaining allegations contained in this Paragraph.

***Apotex's Acts Regarding SYMTUZA***

31. On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, submitted to the FDA the Apotex SYMTUZA ANDA under Section 505(j) of the FDCA, seeking the FDA's approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the Apotex SYMTUZA ANDA Product before the expiration of both TAF Patents-In-Suit.

**ANSWER:** Paragraph 31 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex denies any and all remaining allegations contained in this Paragraph.

32. On information and belief, the FDA assigned the Apotex SYMTUZA ANDA number 217728.

**ANSWER:** Paragraph 32 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex denies any and all remaining allegations contained in this Paragraph.

33. On information and belief, Apotex sent a letter dated September 12, 2022 to Gilead ("Apotex's SYMTUZA Notice Letter"), purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B). Apotex's SYMTUZA Notice Letter states that the Apotex SYMTUZA ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the TAF Patents-In-Suit.

**ANSWER:** Paragraph 33 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it sent a notice letter to Gilead, dated September 12, 2022, which served as written notification to Gilead pursuant to U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 21-7728 and certification pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV) to the FDA as to the Asserted Patents, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

34. Gilead received Apotex's SYMTUZA Notice Letter on or about September 13, 2022.

**ANSWER:** Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it sent a notice letter to Gilead, dated September 12, 2022, which served as written notification to Gilead pursuant to U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 21-7728 and certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA as to the Asserted Patents, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

35. This action is being commenced before the expiration of 45 days from the date Gilead received Apotex's SYMTUZA Notice Letter, which triggers a stay of FDA approval of the Apotex SYMTUZA ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:** Paragraph 35 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it sent a notice letter to Gilead, dated September 12, 2022, which served as written notification to Gilead pursuant to U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 21-7728 and certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA as to the Asserted Patents, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

36. By submitting the Apotex SYMTUZA ANDA, Apotex has represented to the FDA that the Apotex SYMTUZA ANDA product has the same active ingredients as SYMTUZA; has the same dosage forms and strengths as SYMTUZA; and is bioequivalent to SYMTUZA.

**ANSWER:** Paragraph 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex further admits that it sent a notice letter to Gilead, dated September 12, 2022, which served as written notification to Gilead pursuant to U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 21-7728 and certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA as to the Asserted Patents, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

37. On information and belief, Apotex's proposed label for the Apotex SYMTUZA ANDA Product (the "Proposed Label") will refer to the product as, inter alia, a four-drug combination of darunavir, cobicistat, emtricitabine, and TAF, indicated as a complete regimen for the treatment of HIV-1 infection.

**ANSWER:** Paragraph 37 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex's ANDA speaks for itself. Apotex denies any and all remaining allegations contained in this Paragraph.

38. On information and belief, the Proposed Label will instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product for the treatment of HIV-1 infection.

**ANSWER:** Paragraph 38 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's

SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex's ANDA speaks for itself. Apotex denies any and all remaining allegations contained in this Paragraph.

39. On information and belief, the Proposed Label will contain data relating to the treatment of patients with HIV-1 infection, obtained from clinical studies involving SYMTUZA. Gilead's Attempts to Gain Access to Apotex's ANDA.

**ANSWER:** Paragraph 39 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex's ANDA speaks for itself. Apotex denies any and all remaining allegations contained in this Paragraph.

40. Apotex's SYMTUZA Notice Letter included an Offer for Confidential Access ("OCA") to the Apotex SYMTUZA ANDA on terms and conditions set forth therein. The OCA requested that Gilead accept the terms of the OCA before receiving access to the Apotex SYMTUZA ANDA. Under 35 U.S.C. 355(j)(5)(C)(i)(III), an OCA "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Apotex's OCA contained unreasonable restrictions, above and beyond those that would apply under a protective order.

**ANSWER:** Paragraph 40 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex states that Apotex's notice letter included an Offer for Conditional Access ("OCA") which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

41. For example, the terms of Apotex's OCA would have precluded Gilead from bringing suit on patents that protect Janssen's SYMTUZA® product. Although Gilead explained orally and in writing that they could not agree to such an unreasonable restriction in the OCA and that an OCA cannot be used to preclude a lawsuit on patents that protect Janssen's SYMTUZA® product, Apotex refused to modify the terms of its OCA.

**ANSWER:** Paragraph 41 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex states that Apotex's notice letter included an Offer for Conditional Access ("OCA") which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

42. Since receiving Apotex's SYMTUZA Notice Letter, Gilead and Apotex has negotiated in good faith to reach a mutually-acceptable agreement under which Apotex would provide the Apotex SYMTUZA ANDA to Gilead. To date, despite repeated follow-up on September 20, September 26, September 30, October 5, October 10 and October 14, Apotex has refused to offer Gilead access to the Apotex SYMTUZA ANDA under terms consistent with a protective order entered for the purpose of protecting trade secrets and other confidential business information. As a result, Gilead has been unable to access the Apotex SYMTUZA ANDA or any portion of the ANDA, including the Proposed Label, or the supporting Drug Master Files (DMFs) referred to and incorporated by reference into the Apotex SYMTUZA ANDA.

**ANSWER:** Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex states that Apotex's notice letter included an Offer for Conditional Access ("OCA") which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this Paragraph.

43. Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV notice letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for up to 30 months during the pendency of litigation, as appropriate, pursuant to 21 U.S.C. § 355(c)(3)(C).

**ANSWER:** Paragraph 43 contains legal conclusions and allegations to which no answer is required. Apotex denies any and all remaining allegations contained in this Paragraph.

44. Apotex was informed that "if Apotex believes it does not infringe the Gilead/Janssen patents, it is in its interest to provide the requested materials." But Apotex has refused to provide access to the materials on reasonable terms.

**ANSWER:** Paragraph 44 contains legal conclusions and allegations to which no answer is required. Apotex denies any and all remaining allegations contained in this Paragraph.

45. Gilead is not aware of any other means of obtaining information regarding Apotex's ANDA Product within the 45-day statutory period. In the absence of such information, Gilead resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief, and to present to the Court evidence, that Apotex have and will infringe certain claims of the TAF Patents-In-Suit.

**ANSWER:** Paragraph 45 contains legal conclusions and allegations to which no answer is required. Apotex denies any and all remaining allegations contained in this Paragraph.

## COUNTS I-IV FOR PATENT INFRINGEMENT

### *Count I: Infringement of the '065 patent under 35 U.S.C. § 271(e)(2)*

46. Gilead realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its responses to Paragraphs 1 to 45 as if fully set forth herein.

47. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the '065 patent by submitting the Apotex SYMTUZA ANDA to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product in the United States prior to the expiration of the '065 patent.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

48. Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product prior to the expiration of the '065 patent, and their inducement of and/or contribution to such conduct, would constitute infringement claims of the '065 patent, including but not limited to claim 1.

**ANSWER:** Paragraph 48 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

49. On information and belief, for example, the Apotex SYMTUZA ANDA Product contains TAF hemifumarate and thus falls within the scope of at least claim 1 of the ’065 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Paragraph 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Apotex’s SYMTUZA ANDA Product contains TAF hemifumarate. Apotex denies any and all remaining allegations contained in this Paragraph

50. On information and belief, Apotex also seeks approval to market its Apotex SYMTUZA ANDA Product for a use claimed in at least claim 17 of the ’065 patent.

**ANSWER:** Paragraph 50 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

51. The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead’s patent rights will cause harm to Gilead for which damages are inadequate.

**ANSWER:** Paragraph 51 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

52. Unless and until Apotex is enjoined from infringing the ’065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

***Count II: Declaratory Judgment of Infringement of the '065 patent under 35 U.S.C. §§ 271(a)-(c) and/or (g)***

53. Gilead realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its responses to Paragraphs 1 to 52 as if fully set forth herein.

54. This claim arises under the Declaratory Judgment Act, 28 U. S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

55. There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

**ANSWER:** Paragraph 55 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

56. Apotex has submitted to the FDA the Apotex SYMTUZA ANDA for a generic version of Janssen's SYMTUZA pharmaceutical product. According to Apotex's SYMTUZA Notice Letter, Apotex intends to manufacture, use, offer for sale, sell, and/or import the Apotex SYMTUZA ANDA Product within the United States.

**ANSWER:** Paragraph 56 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

57. Although the FDA has not approved the Apotex SYMTUZA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import the Apotex SYMTUZA ANDA Product.

**ANSWER:** Paragraph 57 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

58. Apotex's actions indicate that they do not intend to change their course of conduct.

**ANSWER:** Paragraph 58 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

59. On information and belief, upon FDA approval of the Apotex SYMTUZA ANDA, Apotex will infringe the '065 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the Apotex SYMTUZA ANDA Product in the United States and/or importing said product into the United States and/or by actively inducing and contributing to infringement of the '065 patent by others, under 35 U. S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

**ANSWER:** Paragraph 59 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

60. On information and belief, for example, the Apotex SYMTUZA ANDA Product contains TAF hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Paragraph 60 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Apotex's SYMTUZA ANDA Product contains TAF hemifumarate . Apotex denies any and all remaining allegations contained in this Paragraph.

61. Apotex has actual knowledge of the ’065 patent. On information and belief, Apotex became aware of the ’065 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Janssen’s SYMTUZA product.

**ANSWER:** Paragraph 61 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits it had knowledge of the ’065 patent when it submitted ANDA No. 21-7728 to the FDA. Apotex denies any and all remaining allegations contained in this Paragraph.

62. On information and belief, Apotex’s efforts to make, use, sell, offer for sell, and/or import the Apotex SYMTUZA ANDA Product have been made and will be made with full knowledge of the ’065 patent and without a reasonable basis for believing that they would not be liable for actively inducing or contributing to the infringement of the ’065 patent.

**ANSWER:** Paragraph 62 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits it had knowledge of the ’065 patent when it submitted ANDA No. 21-7728 to the FDA. Apotex denies any and all remaining allegations contained in this Paragraph.

63. On information and belief, the Apotex SYMTUZA ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by or on behalf of Apotex in the United States.

**ANSWER:** Paragraph 63 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex’s SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex denies any and all remaining allegations contained in this Paragraph.

64. On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the ’065 patent.

**ANSWER:** Paragraph 64 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

65. On information and belief, physicians and healthcare providers will administer the Apotex SYMTUZA ANDA Product in the United States according to the directions and instructions in the Proposed Label, and such administration will constitute direct infringement of at least one claim of the ’065 patent.

**ANSWER:** Paragraph 65 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

66. On information and belief, at least through the Proposed Label, Apotex will encourage physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the ’065 patent, and Apotex will know that such conduct will occur.

**ANSWER:** Paragraph 66 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

67. On information and belief, Apotex will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the ’065 patent.

**ANSWER:** Paragraph 67 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

68. Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the ’065 patent under 35 U.S.C. § 271(b).

**ANSWER:** Paragraph 68 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

69. On information and belief, Apotex knows that the Apotex SYMTUZA ANDA Product will be especially made or adapted for use in infringing the '065 patent and that the Apotex SYMTUZA ANDA Product is not suitable for substantial non-infringing use.

**ANSWER:** Paragraph 69 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

70. The commercial manufacture, use, sale, offer for sale, and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '065 patent.

**ANSWER:** Paragraph 70 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

71. On information and belief, Apotex knows that its offer for sale, sale and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the '065 patent.

**ANSWER:** Paragraph 71 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

72. Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the '065 patent under 35 U.S.C. § 271(c).

**ANSWER:** Paragraph 72 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

73. On information and belief, if the Apotex SYMTUZA ANDA is approved by the FDA, Apotex will make the Apotex SYMTUZA ANDA Product using a process covered by one or more claims of the ’065 patent and import that product into the United States and/or offer to sell, sell, or use that product in the United States.

**ANSWER:** Paragraph 73 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

74. On information and belief, the Apotex SYMTUZA ANDA Product will not be materially changed by a subsequent process nor will the Apotex SYMTUZA ANDA Product become a trivial and nonessential component of another product.

**ANSWER:** Paragraph 74 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

75. Through at least the foregoing actions, Apotex will infringe at least one claim of the ’065 patent under 35 U.S.C. § 271(g).

**ANSWER:** Paragraph 75 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

76. Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product by Apotex prior to the expiration of the ’065 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the ’065 patent.

**ANSWER:** Paragraph 76 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

77. The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead’s patent rights will cause harm to Gilead for which damages are inadequate.

**ANSWER:** Paragraph 77 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

78. Unless and until Apotex is enjoined from infringing the ’065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Paragraph 78 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

***Count III: Infringement of the ’769 patent under 35 U.S.C. § 271(e)(2)***

79. Gilead realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its responses to Paragraphs 1 to78 as if fully set forth herein.

80. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the ’769 patent by submitting the Apotex SYMTUZA ANDA to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product in the United States prior to the expiration of the ’769 patent.

**ANSWER:** Paragraph 80 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

81. Apotex’s commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product prior to the expiration of the ’769 patent, and their inducement of and/or contribution to such conduct, would constitute infringement of claims of the ’769 patent, including but not limited to claim 1.

**ANSWER:** Paragraph 81 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

82. On information and belief, for example, the Apotex SYMTUZA ANDA Product contains a composition comprising TAF hemifumarate, wherein the composition comprises less than about 5% by weight of TAF monofumarate, and thus falls within the scope of at least claim 1 of the ’769 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Paragraph 82 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

83. On information and belief, Apotex also seeks approval to market its Apotex SYMTUZA ANDA Product for a use claimed in at least claim 10 of the ’769 patent.

**ANSWER:** Paragraph 83 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

84. The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead’s patent rights will cause harm to Gilead for which damages are inadequate.

**ANSWER:** Paragraph 84 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

85. Unless and until Apotex is enjoined from infringing the ’769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Paragraph 85 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

***Count IV: Declaratory Judgment of Infringement of the ’769 patent under 35 U.S.C. §§ 271(a)-(c) and/or (g)***

86. Gilead realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its responses to Paragraphs 1 to 85 as if fully set forth herein.

87. This claim arises under the Declaratory Judgment Act, 28 U. S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 87 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

88. There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

**ANSWER:** Paragraph 88 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

89. Apotex has submitted to the FDA the Apotex SYMTUZA ANDA for a generic version of Janssen's SYMTUZA pharmaceutical product. According to Apotex's SYMTUZA Notice Letter, Apotex intends to manufacture, use, offer for sale, sell, and/or import the Apotex SYMTUZA ANDA Product within the United States.

**ANSWER:** Paragraph 89 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

90. Although the FDA has not approved the Apotex SYMTUZA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import the Apotex SYMTUZA ANDA Product.

**ANSWER:** Paragraph 90 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

91. Apotex's actions indicate that it does not intend to change its course of conduct.

**ANSWER:** Paragraph 91 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

92. On information and belief, upon FDA approval of the Apotex SYMTUZA ANDA, Apotex will infringe one or more claims of the '769 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the Apotex SYMTUZA ANDA Product in the United States and/or importing said product into the United States and/or by actively inducing and contributing to infringement of the '769 patent by others, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

**ANSWER:** Paragraph 92 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

93. On information and belief, for example, the Apotex SYMTUZA ANDA Product contains a composition comprising TAF hemifumarate, wherein the composition comprises less than about 5% by weight of TAF monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Paragraph 93 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Apotex's SYMTUZA ANDA Product contains TAF hemifumarate. Apotex denies any and all remaining allegations of this Paragraph.

94. Apotex has actual knowledge of the '769 patent. On information and belief, Apotex became aware of the '769 patent no later than the date on which that patent was issued by the Patent Office and/or listed in the Orange Book for Janssen's SYMTUZA product.

**ANSWER:** Paragraph 94 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits it had knowledge of the '769

patent when it submitted ANDA No. 21-7728 to the FDA. Apotex denies any and all remaining allegations contained in this Paragraph.

95. On information and belief, Apotex's efforts to make, use, sell, offer for sell, and/or import the Apotex SYMTUZA ANDA Product have been made and will be made with full knowledge of the '769 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '769 patent.

**ANSWER:** Paragraph 95 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits it had knowledge of the '769 patent when it submitted ANDA No. 21-7728 to the FDA. Apotex denies any and all remaining allegations contained in this Paragraph.

96. On information and belief, the Apotex SYMTUZA ANDA Product, if FDA-approved, will be commercially manufactured, used, imported, offered for sale, and/or sold by or on behalf of Apotex in the United States.

**ANSWER:** Paragraph 96 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it filed ANDA No. 21-7728 seeking approval to engage in the commercial manufacture, use or sale of Apotex's SYMTUZA ANDA Product prior to the expiration of the Asserted Patents. Apotex denies any and all remaining allegations contained in this Paragraph.

97. On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '769 patent.

**ANSWER:** Paragraph 97 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

98. On information and belief, physicians and healthcare providers will administer the Apotex SYMTUZA ANDA Product in the United States according to the directions and instructions in the Proposed Label, and such administration will constitute direct infringement of at least one claim of the ’769 patent.

**ANSWER:** Paragraph 98 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

99. On information and belief, at least through the Proposed Label, Apotex will encourage physicians and healthcare providers to administer the Apotex SYMTUZA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the ’769 patent, and Apotex will know that such conduct will occur.

**ANSWER:** Paragraph 99 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

100. On information and belief, Apotex will actively induce, encourage, aid, and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the ’769 patent.

**ANSWER:** Paragraph 100 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

101. Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the ’769 patent under 35 U.S.C. § 271(b).

**ANSWER:** Paragraph 101 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

102. On information and belief, Apotex knows that the Apotex SYMTUZA ANDA Product will be especially made or adapted for use in infringing the ’769 patent and that the Apotex SYMTUZA ANDA Product is not suitable for substantial non-infringing use.

**ANSWER:** Paragraph 102 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

103. The commercial manufacture, use, sale, offer for sale, and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the ’769 patent.

**ANSWER:** Paragraph 103 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

104. On information and belief, Apotex knows that its offer for sale, sale and/or importation of the Apotex SYMTUZA ANDA Product will contribute to the actual infringement of the ’769 patent.

**ANSWER:** Paragraph 104 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

105. Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the ’769 patent under 35 U.S.C. § 271(c).

**ANSWER:** Paragraph 105 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

106. On information and belief, if the Apotex SYMTUZA ANDA is approved by the FDA, Apotex will make the Apotex SYMTUZA ANDA Product using a process covered by one or more claims of the ’769 patent and import that product into the United States and/or offer to sell, sell, or use that product in the United States.

**ANSWER:** Paragraph 106 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

107. On information and belief, the Apotex SYMTUZA ANDA Product will not be materially changed by a subsequent process nor will the Apotex SYMTUZA ANDA Product become a trivial and nonessential component of another product.

**ANSWER:** Paragraph 107 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

108. Through at least the foregoing actions, Apotex will infringe at least one claim of the ’769 patent under 35 U.S.C. § 271(g).

**ANSWER:** Paragraph 108 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

109. Gilead is entitled to a declaratory judgment that future manufacture, use, offer for sale, sale, and/or importation of the Apotex SYMTUZA ANDA Product by Apotex prior to the expiration of the ’769 patent will constitute direct infringement and/or will induce and/or contribute to the actual and direct infringement of the ’769 patent.

**ANSWER:** Paragraph 109 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

110. The commercial manufacture, importation, use, sale, or offer for sale of the Apotex SYMTUZA ANDA Product in violation of Gilead’s patent rights will cause harm to Gilead for which damages are inadequate.

**ANSWER:** Paragraph 110 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

111. Unless and until Apotex is enjoined from infringing the ’769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Paragraph 111 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex denies the allegations of this Paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Gilead prays that this Court grant the following relief:

(A) A judgment that Apotex has infringed the ’065 patent and the ’769 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Apotex SYMTUZA ANDA to the FDA under Section 505(j) of the FDCA, and that the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Apotex SYMTUZA ANDA Product will constitute an infringement of the ’065 patent and the ’769 patent;

(B) An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Apotex SYMTUZA ANDA shall be a date which is not earlier than the latest expiration date of the ‘065 and ‘769 patents as extended by any applicable periods of exclusivity to which Gilead is or will be entitled;

(C) An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Apotex, their affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the Apotex SYMTUZA ANDA Product until after the latest expiration date of the ‘065 and ‘769 patents, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled;

(D) An order pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Apotex’s commercial manufacture, use, offer for sell, sale, and/or importation of the Apotex SYMTUZA ANDA Product in or into the United States prior to the expiration of the ‘065 and ‘769 patents

(including such actions by its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Apotex or acting on Apotex's behalf) will constitute infringement of the TAF Patents-In-Suit under 35 U.S.C. §§ 271 (a), (b), (c), and/or (g) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

(E) Damages or other monetary relief under 35 U.S.C. §§ 271(a), (b), (c) and (e)(2), and/or 35 U.S.C. § 284, including costs, fees, pre- and post-judgment interest, to Gilead if Apotex engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the Apotex SYMTUZA ANDA Product prior to the latest expiration date of the '065 and '769 patents, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled;

(F) An order that this case is exceptional under 35 U.S.C. § 285, and that Gilead be awarded reasonable attorneys' fees and costs; and

(G) Such other and further relief as this Court deems just and proper.

**ANSWER:** Apotex denies all allegations not expressly admitted herein. Apotex further denies that Plaintiffs are entitled to any of the relief requested in paragraphs (A) through (G), and requests that Plaintiffs' Complaint be dismissed with prejudice and that Apotex be awarded its fees and costs incurred defending this suit under 35. U.S.C. § 285.

## AFFIRMATIVE AND OTHER DEFENSES

Apotex asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

**FIRST AFFIRMATIVE DEFENSE**
***(Invalidity)***

The claims of the ’065 patent are invalid under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 102, 103 and 112.

**SECOND AFFIRMATIVE DEFENSE**
***(Invalidity)***

The claims of the ’769 patent are invalid under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 103 and 112.

***THIRD AFFIRMATIVE DEFENSE***
***(No Direct Infringement)***

The manufacture, use, offer for sale, sale, or importation of Apotex’s ANDA Product specified in ANDA No. 21-7728 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’065 patent.

**FOURTH AFFIRMATIVE DEFENSE**
***(No Direct Infringement)***

The manufacture, use, offer for sale, sale, or importation of Apotex’s ANDA Product specified in ANDA No. 21-7728 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’769 patent.

**FIFTH AFFIRMATIVE DEFENSE**
**(*No Indirect Infringement*)**

The manufacture, use, offer for sale, sale, or importation of Apotex’s ANDA Product specified in ANDA No. 21-7728 do not and will not induce the infringement of, and has not contributed to and does not and will not contribute to the infringement of, any valid and enforceable claim of the ’065 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(*No Indirect Infringement*)**

The manufacture, use, offer for sale, sale, or importation of Apotex's ANDA Product specified in ANDA No. 21-7728 do not and will not induce the infringement of, and has not contributed to and does not and will not contribute to the infringement of, any valid and enforceable claim of the '769 patent.

**SEVENTH AFFIRMATIVE DEFENSE**
**(*Failure To State A Claim*)**

Plaintiff's Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**
**(*Failure To State A Claim For Exceptional Case*)**

Plaintiff fails to state a proper claim for an exceptional case.

**NINTH ADDITIONAL DEFENSE**

Any additional defenses or counterclaims that discovery may reveal.

**RESERVATION OF ADDITIONAL DEFENSES**

Apotex reserves the right to plead additional affirmative defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Apotex, Inc. ("Apotex"), by way of its attorneys, hereby states for its Counterclaims against Gilead Sciences, Inc. ("Gilead" or "Plaintiff/Counterclaim-Defendant"), the following, without prejudice to the denials in this

Answer, without admitting any allegations of the Complaint not otherwise admitted, and without assuming the burden when such burden would otherwise be on Plaintiff/Counterclaim-Defendant:

Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex's Answer and Affirmative Defenses to the Complaint.

**THE PARTIES**

1. Apotex repeats and incorporates by reference each of the foregoing paragraphs of Apotex's Answer and Separate Defenses to the Complaint.

2. Apotex Inc. is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

3. Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2400 North Commerce Parkway, Suite 400, Weston Florida, 33326.

4. Upon information and belief, Plaintiff/Counterclaim-Defendant Gilead is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

**JURISDICTION**

5. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

6. This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

7. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Apotex and Plaintiff/Counterclaim-Defendant, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

8. This Court has personal jurisdiction over Plaintiff/Counterclaim-Defendant based, *inter alia*, on the filing of this lawsuit in this jurisdiction and because Plaintiff/Counterclaim-Defendant does business in this jurisdiction.

9. Venue is proper in this judicial district under 28 U.S. C. §§ 1391(b) and (c), and 1400(b).

**FACTS COMMON TO ALL COUNTS**

10. This is an action for a declaratory judgment of non-infringement and invalidity of one or more claims of U. S. Patent Nos. 8,754,065 ("the '065 patent"); and U.S. Patent No. 9,296,769 ("the '769 patent") (collectively "the Asserted Patents"). Upon information and belief, true and correct copies of the Asserted Patents were attached to the Complaint as Exhibits A and B.

11. On or about June 17, 2014, the U.S. Patent & Trademark Office ("USPTO") issued the '065 patent.

12. On or about March 29, 2016, the USPTO issued the '769 patent.

13. Upon information and belief, Plaintiff/Counterclaim-Defendant Gilead is the assignee of the ’065 patent and the ’769 patent.

14. Plaintiff/Counterclaim-Defendant Gilead purports to be the holder of New Drug Application (“NDA”) No. 210455 for cobicistat; darunavir; emtricitabine; tenofovir alafenamide fumarate oral tablets, EQ 10 mg base. Gilead sells its combination drug of tenofovir alafenamide oral tablets, EQ 10 mg base in the United States under the trademark SYMTUZA®.

15. Plaintiff/Counterclaim-Defendant purports and claims to have the rights to enforce the Asserted Patents, and have listed the Asserted Patents in the FDA’s *Approved Drug Products and Therapeutic Equivalence Evaluations* (the “Orange Book”) in connection with SYMTUZA®.

16. Apotex has filed Abbreviated New Drug Application (“ANDA”) No. 21-7728 with the U.S. Food and Drug Administration (the “FDA”) seeking approval for Apotex’s proposed tenofovir alafenamide hemifumarate product described therein (“Apotex’s SYMTUZA ANDA Product”), identifying NDA No. 210455 as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3 (“Apotex’s SYMTUZA ANDA”).

17. Apotex’s SYMTUZA ANDA seeks FDA approval to market Apotex’s SYMTUZA ANDA Product described within ANDA No. 21-7728 before the expiration of the Asserted Patents listed in the Orange Book, and Apotex’s SYMTUZA ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (also called a “Paragraph IV Certification”) as to the Asserted Patents.

18. Plaintiff/Counterclaim-Defendant sued Apotex in this District for alleged infringement of the Patents-in-Suit.

**COUNT I**

***(Declaratory Judgment of Invalidity of the '065 patent)***

19. Apotex realleges and incorporates by reference the allegations of paragraphs 1-18 as though full set forth herein.

20. There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiff/Counterclaim-Defendant regarding *inter alia,* the invalidity of the '065 patent, and a judicial declaration of invalidity is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '065 patent.

21. The claims of the '065 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, or under judicially-created bases for invalidation.

22. The claims of the '065 patent are invalid under 35 U.S.C. § 103 because they are obvious to a person of ordinary skill in the art, as set forth in Apotex's Notice Letter to Plaintiff/Counterclaim-Defendant, because each and every element of each and every claim of the '065 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest possible priority date of the '065 patent, including, but not limited to, those references and/or products disclosed in Apotex's Notifications of Certification of Noninfringement, Invalidity and/or Unenforceability of U.S. Patent Nos. 8,754,065 and 9,296,769, mailed on September 12, 2022, in connection with Apotex's SYMTUZA ANDA, namely:

1) Vasireddy, U. *et al.*, U.S. Patent Publication No. 2009/0286981, "Process for the Preparation of Tenofovir," published November 19, 2009;
2) Yadav, A.V. *et al.*, "Co-Crystals: A Novel Approach to Modify Physicochemical Properties of Active Pharmaceutical Ingredients," 71(4) Ind. J. Pharm Sci. 359, 359–60 (2009);

3) Dova, E. *et al.*, U.S. Patent Publication No. 2009/0176983, "Tenofovir Disoproxil Hemi-Fumaric Acid Co-Crystal," published July 9, 2009;
4) Lee *et al.*, "Characterization and Anisotropic Lattice Expansion/Contraction of Polymorphs of Tenofovir Disoproxil Fumarate," 10 Crys. Growth & Des. 2314–22 (2010);
5) Dova, E. *et al.*, PCT Publication No. WO2008143500, "Tenofovir Disoproxil Hemi-Fumaric Acid Co-Crystal," published November 27, 2008;
6) Becker, M. *et al.*, U.S. Patent No. 7,390,791, "Prodrugs of Phosphonate Nucleotide Analogues," issued June 24, 2008;
7) Cihlar, Thomas, "Amidate Prodrugs of Nucleoside Phosphonates: from Design to *in vivo* Proof of Concept," 10 Collection Symposium Series 45, 46 (2008);
8) EMEA *Scientific Discussion* for the Approval of Viread 17/43 (2005).

23. Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act, dated September 12, 2016, any person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest possible priority date of the '065 patent, and would have had a reasonable expectation of success in doing so.

24. There is no objective evidence of non-obviousness of the claims of the '065 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '065 patent.

25. Apotex is entitled to a judicial declaration that the claims of the '065 patent are invalid.

26. Apotex reserves the right to provide additional bases for invalidity of each claim of the '065 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses.

**COUNT II**

***(Declaratory Judgment of Invalidity of The '769 patent)***

27. Apotex realleges and incorporates by reference the allegations of paragraphs 1-26 as though full set forth herein.

28. There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiff/Counterclaim-Defendant regarding *inter alia,* the invalidity of the '769 patent, and a judicial declaration of invalidity is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '769 patent.

29. The claims of the '769 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, or under judicially-created bases for invalidation.

30. The claims of the '769 patent are invalid under 35 U.S.C. § 103 because they are obvious to a person of ordinary skill in the art, as set forth in Apotex's Notice Letter to Plaintiff/Counterclaim-Defendant, because each and every element of each and every claim of the '769 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest possible priority date of the '769 patent, including, but not limited to, those references and/or products disclosed in Apotex's Notifications of Certification of Noninfringement, Invalidity and/or Unenforceability of U.S. Patent Nos. 8,754,065 and 9,296,769, mailed on September 12, 2022, in connection with Apotex's SYMTUZA ANDA, namely:

1) Vasireddy, U. *et al.*, U.S. Patent Publication No. 2009/0286981, "Process for the Preparation of Tenofovir," published November 19, 2009;
2) Yadav, A.V. *et al.*, "Co-Crystals: A Novel Approach to Modify Physicochemical Properties of Active Pharmaceutical Ingredients," 71(4) Ind. J. Pharm Sci. 359, 359–60 (2009);

3) Dova, E. *et al.*, U.S. Patent Publication No. 2009/0176983, "Tenofovir Disoproxil Hemi-Fumaric Acid Co-Crystal," published July 9, 2009;
4) Lee *et al.*, "Characterization and Anisotropic Lattice Expansion/Contraction of Polymorphs of Tenofovir Disoproxil Fumarate," 10 Crys. Growth & Des. 2314–22 (2010);
5) Dova, E. *et al.*, PCT Publication No. WO2008143500, "Tenofovir Disoproxil Hemi-Fumaric Acid Co-Crystal," published November 27, 2008;
6) Becker, M. *et al.*, U.S. Patent No. 7,390,791, "Prodrugs of Phosphonate Nucleotide Analogues," issued June 24, 2008;
7) Cihlar, Thomas, "Amidate Prodrugs of Nucleoside Phosphonates: from Design to *in vivo* Proof of Concept," 10 Collection Symposium Series 45, 46 (2008);
8) EMEA *Scientific Discussion* for the Approval of Viread 17/43 (2005).

31. Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act, dated September 12, 2022, any person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest possible priority date of the '769 patent, and would have had a reasonable expectation of success in doing so.

32. There is no objective evidence of non-obviousness of the claims of the '769 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '769 patent.

33. Apotex is entitled to a judicial declaration that the claims of the '769 patent are invalid.

34. Apotex reserves the right to provide additional bases for invalidity of each claim of the '769 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses.

**COUNT III**

***(Declaratory Judgment of Noninfringement of the '065 patent)***

35. Apotex realleges and incorporates by reference the allegations of paragraphs 1-34 as though fully set forth herein.

36. There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiff/Counterclaim-Defendant regarding, *inter alia*, non-infringement of the claims of the '065 patent.

37. The manufacture, use, offer for sale, sale, importation, and/or marketing of Apotex's SYMTUZA ANDA Product described in Apotex's ANDA has not infringed, does not infringe, and would not —if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '065 patent, either literally or under the doctrine of equivalents.

38. Apotex is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of Apotex's SYMTUZA ANDA Product described in Apotex's ANDAs has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '065 patent, either literally or under the doctrine of equivalents.

**COUNT IV**

***(Declaratory Judgment of Noninfringement of the '769 patent)***

39. Apotex realleges and incorporates by reference the allegations of paragraphs 1-38 as though fully set forth herein.

40. There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiff/Counterclaim-Defendant regarding, *inter alia*, non-infringement of the claims of the ’769 patent.

41. The manufacture, use, offer for sale, sale, importation, and/or marketing of Apotex’s SYMTUZA ANDA Product described in Apotex’s ANDA has not infringed, does not infringe, and would not —if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the ’769 patent, either literally or under the doctrine of equivalents.

42. Apotex is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of Apotex’s SYMTUZA ANDA Product described in Apotex’s ANDAs has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the ’769 patent, either literally or under the doctrine of equivalents.

**REQUEST FOR RELIEF**

WHEREFORE, Apotex respectfully requests that the Court enter judgment in its favor and against Plaintiff/Counterclaim Defendant Gilead Sciences, Inc. as follows:

(A) Dismissing Plaintiff’s Complaint, and each and every claim by Plaintiff against Apotex for relief contained therein, with prejudice;

(B) Declaring that Apotex does not infringe any valid claim of the ’065 patent and the ’769 patent, and that the claims of the ’065 patent and the ’769 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq.* including, *inter alia*, §§ 102, 103, and 112;

(C) Declaring that the products which are the subject of Apotex's ANDA Nos. 21-17728 will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '065 patent and the '769 patent under 35 U.S.C. § 271;

(D) Declaring this case exceptional and awarding Apotex reasonable attorneys' fees and costs under 35 U.S.C. § 285;

(E) Awarding Apotex its costs and expenses; and

(F) Awarding Apotex such other and further relief as the Court deems just and proper.

Dated: July 12, 2023

*Of Counsel:*

Stephen R. Auten
Ian Scott
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
sauten@taftlaw.com
iscott@taftlaw.com

*/s/ Cortlan S. Hitch*
Kenneth L Dorsney (# 3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*