IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GILEAD SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1400 (MN) |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER TO APOTEX'S COUNTERCLAIMS**

Plaintiff Gilead Sciences, Inc. ("Gilead" or "Plaintiff") answers the Counterclaims of Defendants Apotex Inc. and Apotex Corp. (collectively, "Defendants" or "Apotex") as follows.

Solely for convenience, the headings from Apotex's Answer related to such Counterclaims (D.I. 19) are reproduced below. Plaintiff denies each and every allegation in Apotex's Counterclaims that is not specifically admitted below. For any factual allegation admitted below, Plaintiff admits only the specific admitted fact, and not any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted fact. Plaintiff denies that Apotex is entitled to the relief requested or any other relief.

**THE PARTIES**

1. No response is required to the re-allegation of the paragraphs of Apotex's Answer and Separate Defenses to the Complaint. To the extent a response is necessary, Plaintiff is without knowledge sufficient to admit or deny re-allegation of the paragraphs of Apotex's Answer and Separate Defenses to the Complaint, including which specific paragraphs are being incorporated, and therefore denies them.

2. On information and belief, Plaintiff admits the allegations of Paragraph 2.

3. On information and belief, Plaintiff admits the allegations of Paragraph 3.

4. Admitted.

## JURISDICTION

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that Apotex asserts declaratory judgment Counterclaims.

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that this Court has jurisdiction over the subject matter of Apotex's Counterclaims. Plaintiff denies any remaining allegations in this paragraph.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that this Court has jurisdiction over the subject matter of Apotex's Counterclaims. Plaintiff denies any remaining allegations in this paragraph.

8. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits for the purpose of this action only that this Court has personal jurisdiction over Plaintiff. Plaintiff denies any remaining allegations in this paragraph.

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits for the purpose of this action only that it does not contest venue. Plaintiff denies any remaining allegations in this paragraph.

## FACTS COMMON TO ALL COUNTS

10. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that Apotex seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 8,754,065 ("the '065 patent") and U.S. Patent No. 9,296,769 ("the '769 patent") (collectively "TAF Patents-In-Suit"). Plaintiff admits that Plaintiff's Complaint (D.I. 1) attached true and correct copies of the TAF Patents-In-Suit as Exhibits A and B. Plaintiff denies any remaining allegations in this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied. Plaintiff avers that Janssen Products, LP holds approved NDA No. 210455 for tablets containing a four-drug combination of darunavir (DRV), a human immunodeficiency virus (HIV-1) protease inhibitor, cobicistat (COBI), a CYP3A inhibitor, and emtricitabine (FTC) and tenofovir alafenamide (TAF), both HIV-1 nucleoside analog reverse transcriptase inhibitors, which product is marketed in the United States under the registered trademark SYMTUZA®.

15. Plaintiff admits that it has the right to enforce the TAF Patents-In-Suit, and that the Orange Book identifies the TAF Patents-In-Suit, among other patents, for SYMTUZA®. Plaintiff denies any remaining allegations in this paragraph.

16. Admitted.

17. On information and belief, admitted.

18. Admitted.

**COUNT I**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’065 PATENT)**

19. No response is required to the re-allegation of paragraphs 1-18 of the Counterclaims. To the extent a response is required, Plaintiff re-alleges and incorporates by reference each of its foregoing responses as if fully set forth herein.

20. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that there is an actual controversy between Plaintiff and Apotex regarding the ’065 patent. Plaintiff denies any remaining allegations in this paragraph.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied

26. Plaintiff admits that Apotex purports to reserve the right to provide additional bases for invalidity of each claim of the ’065 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses. Plaintiff denies any remaining allegations in this paragraph.

**COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’769 PATENT)**

27. No response is required to the re-allegation of paragraphs 1-26 of the Counterclaims. To the extent a response is required, Plaintiff re-alleges and incorporates by reference each of its foregoing responses as if fully set forth herein.

28. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that there is an actual controversy between Plaintiff and Apotex regarding the ’769 patent. Plaintiff denies any remaining allegations in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Plaintiff admits that Apotex purports to reserve the right to provide additional bases for invalidity of each claim of the ’769 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses. Plaintiff denies any remaining allegations in this paragraph.

**COUNT III**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’065 PATENT)**

35. No response is required to the re-allegation of paragraphs 1-34 of the Counterclaims. To the extent a response is required, Plaintiff re-alleges and incorporates by reference each of its foregoing responses as if fully set forth herein.

36. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that there is an actual controversy between Plaintiff and Apotex regarding the ’065 patent. Plaintiff denies any remaining allegations in this paragraph.

37. Denied.

38. Denied.

**COUNT IV**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’769 PATENT)**

39. No response is required to the re-allegation of paragraphs 1-38 of the Counterclaims. To the extent a response is required, Plaintiff re-alleges and incorporates by reference each of its foregoing responses as if fully set forth herein.

40. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiff admits that there is an actual controversy between Plaintiff and Apotex regarding the ’769 patent. Plaintiff denies any remaining allegations in this paragraph.

41. Denied.

42. Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to enter a Judgment in its favor and against Apotex as follows:

A. Dismissing Apotex’s Counterclaims with prejudice and denying any relief prayed for in Apotex’s Answer related to such Counterclaims;

B. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Plaintiff its reasonable costs and attorney's fees incurred in this action; and

C. Awarding Plaintiff such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Gilead Sciences, Inc.*

OF COUNSEL:

Charlotte C. Jacobsen
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Wayne Barsky
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
(310) 552-8500

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

Darish Huynh
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
(949) 451-3800

August 2, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 2, 2023, upon the following in the manner indicated:

Kenneth L. Dorsney, Esquire
Cortlan S. Hitch, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

*VIA ELECTRONIC MAIL*

Stephen R. Auten, Esquire
Ian Scott, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

*VIA ELECTRONIC MAIL*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)